

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTIAN LEWIS CASTILLO,<br><br>    Petitioner,<br><br>    v.<br><br>K. HARRINGTON, WARDEN<br><br>    Respondent. | Case No. CV 10-1025 PA (AN)<br><br>ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS FILED BY PERSON IN STATE CUSTODY |

## I. Background

On July 7, 2010, Christian Lewis Castillo ("Petitioner"), a state prisoner proceeding in pro se, filed his pending petition for a writ of habeas corpus by a person in state custody ("Petition") pursuant to 28 U.S.C. § 2254 (" § 2254"). For the reasons discussed below, the Petition is summarily dismissed because it plainly appears that the Petition fails to raise a claim that would entitle Petitioner to relief from this court.

## II. Discussion

### A. Standard of Review

Habeas petitions brought pursuant to § 2254 are subject to the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254 ("Habeas Rules") and this court's Local Rules. The Habeas Rules expressly provide that a district court must promptly examine a § 2254 petition before service and "[i]f it plainly appears

1  'from the petition and any attached exhibits that the petitioner is not entitled to relief in the
2  district court, the judge must dismiss the petition and direct the clerk to notify the
3  petitioner." Habeas Rule 4; *Mayle v. Felix*, 545 U.S. 644, 656, 125 S. Ct. 2566 (2005); *see
4  also* Local Rule 72-3.2 (authorizing magistrate judge to prepare proposed order for summary
5  dismissal and proposed judgment for district judge if it plainly appears from the face of
6  petition that petitioner is not entitled to relief).

7       Further, in *Felix*, the United States Supreme Court emphasized that a § 2254 petition
8  must provide "a more detailed statement" than a standard civil complaint and "specify all
9  the grounds for relief available to the petitioner [and] state the facts supporting each
10 ground[;]" typical notice pleading under Fed.R.Civ.P. 8(c) is insufficient. *Felix*, 545 U.S.
11 at 656; *see also* Habeas Rule 4, Advisory Committee Notes (1976 Adoption) (stating "it is
12 the duty of the court to screen out frivolous applications and eliminate the burden that would
13 be placed on the respondent by ordering an unnecessary answer....In addition, 'notice'
14 pleading is not sufficient, for the petition is expected to state facts that point to a 'real
15 possibility of constitutional error'").

16 **B.  Analysis**

17      The court has reviewed the Petition pursuant to Habeas Rule 4 and finds it must be
18 dismissed because it fails to raise any claims whatsoever, let alone any claims that are
19 exhausted and timely.

20      Specifically, the Petition and attached exhibits reflect Petitioner is currently in state
21 custody at the Kern Valley State Prison and that he is challenging his 1992 robbery
22 conviction and ten year prison sentence that he sustained in the California Superior Court
23 for Orange County (case no. C-95082). (Pet., ¶¶ 1-2). However, the court takes judicial
24 notice of a prior 2005 habeas petition that Petitioner filed with this court that shows his
25 current state custody arises from a 2001 conviction for multiple offenses and a related 134
26 years to life prison sentence that he sustained in the California Superior Court for Orange
27 County (case no. 00NF0076). *See Castillo v. Kirkland*, CV 05-00050 PA(AN) ("2005
28 petition"). On November 2, 2005, this court entered its judgment dismissing the 2005

'petition with prejudice and on March 28, 2007, the United States Court of Appeals for the Ninth Circuit affirmed this court's judgment.

Regardless, in addition to no longer being in custody pursuant to his 1992 conviction, Petitioner's pending Petition fails to raise any claims directed at his 1992 conviction. Indeed, page 5 of the Petition, which is where the claims are supposed to be described, is missing. (*See* Pet.)

Further, even if the Petition did state claims directed at the 1992 conviction, the claims would be subject to summary dismissal because Petitioner is no longer in custody pursuant to his 1992 conviction and, even if he was, the claims would be time-barred.

### III. Conclusion

Based upon the foregoing, the reference to the Magistrate Judge is vacated and the Petition is summarily dismissed. The clerk is directed to enter the Judgment and serve a copy of it on Petitioner.

IT IS SO ORDERED.

DATED: July 18, 2010

_____
PERCY ANDERSON
UNITED STATES DISTRICT JUDGE

Presented by:

_____
Arthur Nakazato
United States Magistrate Judge